**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ZOPHIA KNEISS,**

     **Plaintiff,**

**v.**                                                          **Case No: 5:26-cv-249-KCD-PRL**

**TRACTOR SUPPLY COMPANY,**

     **Defendant.**

---

**ORDER**

This cause comes before the Court on Defendant's Unopposed Motion to Stay Proceedings Pending Arbitration ("Motion to Stay"). (Doc. 10). Defendant moves to stay the case pending the arbitration of Plaintiff's claims, contending that the claims raised in Plaintiff's complaint are covered by an arbitration agreement and must therefore be resolved through binding arbitration. (*Id.* at pp. 1-2). Defendant represents that Plaintiff does not oppose the relief requested in the motion. (*Id.* at p. 5). Upon consideration, Defendant's Motion to Stay is granted, and the case is stayed pending arbitration.

**I.    BACKGROUND**

In this employment discrimination action, Plaintiff is suing Defendant, where she worked as a part-time Team Member from November 2024 to December 2025, for unlawful discrimination based on disability and sex, and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Fla Stat. §§ 760.01 *et seq.* (Doc. 1 at ¶¶ 1-2, 10, 16, 23, 27). In connection with her employment, Plaintiff acknowledged the Alternative Dispute Resolution Agreements ("ADR Agreements") with Defendant on

November 29, 2024. (Doc. 10 at pp. 1-2; *see* Doc. 10-1; Doc. 10-2). Under the terms of the ADR Agreements, which included a Mutual Arbitration Agreement ("Arbitration Agreement"), the parties agreed to the binding resolution by arbitration of any claim against the other, including claims related to Plaintiff's employment. (Doc. 10 at p. 2; *see* Doc. 10-1).

Defendant now requests that the Court stay the action pending the arbitration of Plaintiff's claims. (Doc. 10). Defendant indicates that Plaintiff acknowledged the ADR Agreements, including the Arbitration Agreement, which provide that any claims arising out of or related to Plaintiff's employment with Defendant will be submitted to binding arbitration. (*Id.* at pp. 1-2). Plaintiff has no objection to the relief requested in the Motion to Stay. (*Id.* at p. 5).

## II.    LEGAL STANDARDS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, generally governs the validity and enforcement of arbitration agreements. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (citations omitted). Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2; *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014). The FAA establishes "a liberal federal policy favoring arbitration [agreements] and the fundamental principle that arbitration is a matter of contract." *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)) (internal quotation marks omitted); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). The FAA "requires courts to 'place arbitration agreements on an equal footing with other contracts and enforce them according

to their terms.'" *See Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1305 (11th Cir. 2018) (quoting *AT&T Mobility LLC*, 563 U.S. at 339); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (requiring courts to "rigorously enforce agreements to arbitrate") (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). Thus, the FAA codifies a "strong federal preference for arbitration of disputes[.]" *See Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003); *Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 (11th Cir. 2016) (per curiam) ("Federal policy strongly favors enforcing arbitration agreements.") (citations omitted).[1]

## III.    DISCUSSION

Here, with no opposition or objection from the Plaintiff, the parties agree that they entered into a valid arbitration agreement that covers Plaintiff's claims against Defendant. (*See* Doc. 10 at p. 2). The Arbitration Agreement provides that, among other things, all disputes arising out of or related to Plaintiff's employment, including discrimination and retaliation claims, must be resolved through binding arbitration. (*See* Doc. 10-1 at p. 1). As there is no dispute about the validity of the Arbitration Agreement, the case is due to be stayed pending arbitration. *See Caley*, 428 F.3d at 1368 ("[T]he FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding is referable to arbitration" under a written arbitration agreement) (citing 9 U.S.C. § 3) (internal quotation marks omitted).

---

[1]  Moreover, as a general matter, the Supreme Court has held that the FAA applies generally to employment contracts, except those involving "transportation workers." *See Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); *see also Caley*, 428 F.3d at 1367 ("Indeed, compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment-discrimination statutes.") (citation omitted).

**IV.**     **CONCLUSION**

Accordingly, it is **ORDERED** that:

(1) Defendant's Unopposed Motion to Stay Proceedings Pending Arbitration (Doc.
10) is **GRANTED**. The parties shall submit all claims to binding arbitration in
accordance with the Alternative Dispute Resolution Agreements (Doc. 10-1).

(2) This case is **STAYED** pending arbitration. On or before **August 4, 2026**, and every
90 days thereafter, Defendant shall file a report as to the status of the arbitration
proceeding. Additionally, Defendant shall notify this Court within 10 days of the
final resolution of the arbitration proceeding or other resolution of this dispute.

(3) The Clerk is **directed** to administratively close this case.

**DONE** and **ORDERED** in Ocala, Florida on May 6, 2026.


_____
PHILIP R. LAMMENS
United States Magistrate Judge


Copies furnished to:

Counsel of Record
Unrepresented Party